**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

---

JOSE VAZQUEZ-MARIN

    Plaintiff,

       v.

**EMILIO DIAZ-COLON; REYNALDO PACHECO; PRPD; AND LUIS FORTUNO-BURSET**

    Defendants.

Civil Case. NO. 12-1177 (PG)

---

<u>OPINION AND ORDER</u>

Pending before the Court is defendants' motion to dismiss (Docket No. 14). Therein, defendants request this Court dismiss the claim brought by plaintiff, insofar as the latter failed to exhaust the administrative remedies prior to filing the above-captioned complaint. For the reasons set forth below, this Court **DENIES** the defendants' request.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 13, 2012, Jose Vazquez-Marin ("plaintiff") filed the above-captioned complaint pursuant to 42 U.S.C. § 1983. In short, the plaintiff avers that he was assaulted by another inmate on two separate occasions, namely, on April 1st and April 21st, 2011. Thereafter, plaintiff was interviewed by Puerto Rico Police Officer Reinaldo Pacheco, and filed two administrative complaints with the Correctional Facility.[1] However, the plaintiff claims that no criminal case was filed allegedly due to the nature of his conviction. See Docket No. 3. Consequently, the plaintiff brought suit against Emilio Diaz-Colon, Reynaldo Pacheco, Puerto Rico Police Department, Commonwealth of Puerto Rico and Luis Fortuno-Burset ("the defendants").

The defendants then filed a motion to dismiss (Docket No. 14). Therein, they assert that the plaintiff failed to properly exhaust the administrative remedies prior to filing suit before this Court. This, because the plaintiff failed to file reconsideration to the decision issued by the Correctional Facility and subsequently failed to seek judicial review in the Puerto Rico Court of Appeals as well as the

---

[1] <u>See</u> Docket No. 17-1..

Supreme Court as required by the Uniform Administrative Procedure Act.[2] Consequently, the defendants move this Court to dismiss the above-captioned complaint for lack of jurisdiction pursuant to FED.R.CIV.P. 12(b)(1). See Docket No. 14.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir. 2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] P.R. LAWS ANN. TIT. 3 § 2172.

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

    "In resolving a motion to dismiss, a court should employ a two pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations… a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

    When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

III. **DISCUSSION**

Claims arising under the Prison Litigation Reform Act of 1995 ("PLRA") require exhaustion of administrative remedies prior to filing suit in court. Accordingly, under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983][3], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Jones v. Bock, 549 U.S. 199, 204 (2007) (citing 42 U.S.C. § 1997e(a)). The Court also held that "failure to exhaust is an affirmative defense under the PLRA," Id. at 216, and as such, "defendant prison officials must specifically raise the failure to do so as a defense. If they do not, the defense may well be waived." Id. In the case at hand, the defendants have raised such defense, and therefore, have not waived the same.

With regards to Plaintiff's Section 1983 claim, the First Circuit has held that "[a] prisoner must exhaust administrative remedies before a complaint under § 1983 will be entertained even where the relief sought cannot be granted by the administrative process." Johnson v. Thyng, 369 Fed.Appx. 144 at 147 (1st Cir. 2010) (quoting Booth v. Churner, 532 U.S. 731, 734, 121 S.Ct. 1819 (2001)). The Court also noted that "[e]xhaustion is mandatory," Johnson, 369 Fed.Appx. at 146 (quoting Woodford v. Ngo, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)), and "has a decidedly procedural emphasis." Id. (quoting Booth, 532 U.S. at 739). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204 (quoting Woodford, 548 U.S at 94-95). In addition, this requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." Id.

---

[3] Section 1983 states that:

> every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

In order to exhaust the administrative remedies, the prisoner must comply with the applicable regulation. See Woodford, 548 U.S. at 88 (holding that in order to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules). These "rules are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." Jones, 549 U.S. at 228. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prisons requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id.

In their motion to dismiss the defendants assert that the plaintiff failed to properly exhaust administrative remedies as required by the PLRA. This, because he failed to file an appeal before the Puerto Rico Court of Appeals and subsequently file a certiorari before the Puerto Rico Supreme Court prior to filing the above-captioned complaint. Moreover, the defendants aver that the plaintiff is now barred from doing so, insomuch as he failed to file reconsideration to the decision issued by the Correctional Facility within the period prescribed by the applicable regulation. The Court disagrees.

The Court notes that said directives are meant to be followed when a petitioner seeks judicial review before state court. However, the above-captioned complaint was brought pursuant to 42 U.S.C. § 1983. The issue of whether Congress intended to include appeals to the state judicial system within the administrative remedies which a prisoner must exhaust before bringing an action described in § 1997e(a) was addressed by the Third Circuit in Jenkins v. Morton, 148 F.3d 257 (1998). In said case, the District Court dismissed the plaintiff's claim against the Department of Correction, because he had failed to challenge the agency's decision in the Superior Court of New Jersey, and thus, had failed to exhaust all administrative remedies. In reversing the District Court's decision, the Third Circuit found that "the prisoner must exhaust his administrative remedies… but need not exhaust state judicial remedies before bringing an action governed" by § 1983. Id. at 259.

Accordingly, the Court finds that the petitioner was only required to properly exhaust the internal administrative remedies prior to filing suit. Judicial review before state courts does not constitute internal remedies. Extending that requirement to include judicial review before state courts, as the defendants suggest, is an onerous hurdle that defies Congressional intent behind the PLRA. The Court's reading of the statute leaves no doubt that it was not Congress's intention that plaintiff file an appeal before the state court of appeals, or certiorari before a state's Supreme Court prior to filing suit before a federal court under a federal statute. <u>See</u> <u>Jenkins</u>. Consequently, having the plaintiff filed two separate claims with the Ponce Correctional Complex, Administrative Remedies Division, this Court finds that he properly exhausted administrative remedies as required by the PLRA.

### IV.   CONCLUSION

In light of the foregoing, this Court hereby **DENIES** the defendants' motion to dismiss (Docket No. 14).

**SO ORDERED.**

In San Juan, Puerto Rico, December 9, 2013.

S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE