THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**JOSE VAZQUEZ MARIN**,

    Plaintiff,

       v.

**EMILIO DIAZ, POLICE SUPERINTENDENT POLICIA DE PUERTO RICO, ET AL.**

    Defendants.

Civil Case. NO. 12-1177 (PG)

**OPINION AND ORDER**

    Plaintiff commenced this action on March 3, 2012 alleging that the Puerto Rico Police Department and officer Reinaldo Pacheco deliberately failed to file and prosecute a case after he complained of being the victim of aggression at the hands of another inmate at the Las Cucharas Correctional Facility in Ponce, Puerto Rico. See Docket No. 3.

    On July 18, 2012 co-defendant the Police Department of Puerto Rico filed a Motion to Dismiss for Lack of Jurisdiction as to the Police Department, Reynaldo Pacheco, Emilio Diaz and Luis Fortuño-Burset. See Docket No. 14.[1] The Court denied the Motion to Dismiss on December 9, 2013. See Docket No. 24. Thereafter, the Court set an Initial Scheduling Conference for February 25, 2014.

    Upon careful review of the documents in the record, the Court DISMISSES the action WITHOUT PREJUDICE for failure to state a viable cause of action against defendants.

**I. STANDARD OF REVIEW AND ANALYSIS**

    In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(6), the court must keep in mind that "[t]he

---

[1] The Motion to Dismiss claimed that plaintiff failed to properly exhaust administrative remedies prior to filing suit because he failed to seek judicial review of the decision issued by the Correctional Facility before the Puerto Rico Court of Appeals and the Supreme Court. See Docket No. 14. The Court reasoned that the petitioner was only required to properly exhaust internal administrative remedies and extending a requirement to seek judicial review before state courts was an onerous hurdle that defied Congressional intent. See Docket No. 24.

general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)).

The District Court may *sua sponte* dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) without notice where it is "patently obvious" that the plaintiff cannot possibly prevail based on the facts alleged in the Complaint. Rollins v. Wackenhut Services, 703 F.3d 122 (D.C. Cir. 2012)(citing Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990)). That is precisely the case here.

Plaintiff claims that defendants' actions constitute a violation of his civil rights. See Docket No. 3 at page 5. To establish a violation under 42 U.S.C. §1983, at least two elements must be met. First, the plaintiff must have suffered the deprivation of federally protected rights, privileges or immunities as the result of action taken. See Chism v. Price, 457 F.2d 1037, 1039 (9th Cir. 1972); Beaumont v. Morgan, 427 F.2d 667, 670-71 (1st Cir.), cert. denied, 400 U.S. 882, 91 S.Ct. 120, 27 L.Ed.2d 121 (1970). Second, such depravation must have been caused by a person acting under color of state law. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct.473, 5 L.Ed.2d 492 (1961).

In the case at hand, plaintiff did not put forth any allegations that "raise a right to relief above the speculative level…" Twombly, 550 U.S. at 555. Even reading the complaint in the light most favorable to plaintiff, his Complaint does not establish any constitutional violation against the Police Department or Reinaldo Pacheco. Merely stating, as plaintiff does, that his civil rights were violated because the Police did not file a criminal complaint regarding his alleged assault does not suffice to establish a constitutional claim, much less when defendants

put forth evidence that the Police Department filed a criminal complaint after the initial interviews and investigation.[2]

In fact, at the Initial Scheduling Conference the Court decided that, after examining the Complaint, it would not appoint a pro-bono attorney to represent plaintiff given that the allegations did not state a cause for the relief sought. See Docket No. 41.

Furthermore, plaintiff attributes the alleged failure to prosecute to "the nature of the cases" for which he was convicted. See Docket No. 3 at page 3. As previously stated, such vague and inconclusive statements do not demonstrate an abridgment of constitutional protections.

## II. CONCLUSION

After examining each of the allegations in the Complaint, it is fitting to conclude that plaintiff simply does not state a viable claim as to any of the defendants, thus warranting dismissal. In light of the aforementioned, this Court hereby **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**SO ORDERED.**

In San Juan, Puerto Rico, March 3, 2014.

 S/ **JUAN M. PÉREZ-GIMÉNEZ**
 JUAN M. PÉREZ-GIMÉNEZ
 **UNITED STATES DISTRICT JUDGE**

---

[2] The record shows that the Police Department filed Criminal Complaint No. 2011-3-358-01669. See Docket No. 40.